UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS ZIMMERMAN et al.,

    Plaintiffs,

  v.

CAPTAIN E.J. MEYERS et al.,

    Defendants.

25-CV-957-LJV
ORDER

---

    This case was transferred to the Western District of New York from the Northern District of New York on October 1, 2025. Docket Item 17. More specifically, the transfer order severed claims arising from events that occurred at the Elmira Correctional Facility ("Elmira") and Wende Correctional Facility ("Wende"), both located in the Western District of New York, and transferred them to this District. *Id.*

    Because the order of transfer severed discrete claims from the prior action, this Court hereby **ORDERS** the plaintiffs to file a second amended complaint that is limited to the severed claims against the Elmira and Wende defendants: Meyers, Devane, Lawson, White, Doe, Rivers, and Elmira Superintendent. This second amended complaint will replace all previous complaints with respect to those claims. The second amended complaint shall not refer to prior filings but must be a standalone complaint alleging claims based on the events at Elmira and Wende.

    The plaintiffs shall file the second amended complaint **on or before December 1, 2025**. Failure to timely comply with this order may result in the dismissal of this action for failure to prosecute or comply with a court order pursuant to Fed. R. Civ. P. 41(b).

Unless they obtain the prior approval of this Court, the plaintiffs shall not file any other amendment or supplement to any complaint docketed in this action, including the second amended complaint. Only plaintiffs to the claims that arose at Elmira and Wende shall be named as plaintiffs in the second amended complaint. The second amended complaint shall comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure.

Rule 11 requires, inter alia, that all pro se plaintiffs "personally" sign "[e]very pleading, written motion, and other paper." Fed. R. Civ. P. 11(a). "Because a non-attorney [may not] represent anyone other than him[- or her]self, *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), Rule 11 protects against one plaintiff becoming [the] representative of [all the pro se plaintiffs in a multi-plaintiff lawsuit]." *Sitts v. Weaver*, 2021 WL 51411, at *3 (N.D.N.Y. Jan. 6, 2021). "[A]dherence to this rule in a multi-plaintiff action serves to ensure that each pro se plaintiff is on notice of the facts, issues, and obligations of the parties that arise throughout the litigation." *Id.* Moreover, it assures the Court that each pro se plaintiff is aware that he or she is a party to a lawsuit. Accordingly, the Court will not accept electronic signatures in this action. Until further order, the Court will reject any pleading, written motion, or other submission that does not bear the actual signature by hand of each plaintiff.

SO ORDERED.

Dated: October 30, 2025
       Buffalo, New York

                                           */s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE